HENRY C. WALL, JOHN C. GAY and another v. HENRY FAIR-
LEY, MARGARET McEACHIN and others.

Where certain heirs are made defendants, who claim no interest what-
ever in the land sued for, and in the complaint no relief is prayed
against them, it is a good ground of demurrer, and the suit as to
them should be dismissed with costs.

In a suit by purchasers at an execution sale, against the heirs of the judg-
ment debtor, to recover certain land sold, but claimed by such heirs,
it is not necessary to make the administrator of the judgment a party
defendant.  A judgment against the administrator, does not fix him
with assets, but only ascertains the amount of the debt.

When plaintiffs have interest to a certain extent in common, and seek
the same relief, they are at liberty to join in a suit against common
defendants, or they may sue separately.  Such joinder is no good
ground for demurrer.

The purchaser of certain land at an execution sale, which the judgment
debtor had procured to be purchased with his own money, and con-
veyed without consideration to two of his children, can follow the
fund in the hands of such voluntary (and in law, fraudulent) donees.

CIVIL ACTION for the recovery of real property, tried upon
amended complaint and demurrer before *Buxton, J.*, at the
Spring Term, 1875, of the Superior Court of RICHMOND county.

This case was before the Court at January Term, 1874, (see
70 N. C. Rep. 537,) upon an appeal by the defendants from an
order of the Court below permitting the plaintiffs to amend
their complaint.  To the amended complaint the defendants
demurred.  His Honor overruled the demurrer and the de-
fendants again appealed.

The grounds of the appellants' demurrer, together with all
the material facts in the case, are stated in the opinion of the
Court.

*J. D. Shaw*, with whom were *F. McNeill* and *W. McL.
McKay*, submitted :

1. The executors claim as purchasers at sheriff's sale and

also by judgment. Gay claims by virtue of his judgment against John Fairly. There is no privity. Their claims are separate and distinct, hence they are improperly joined. *Berry* v. *Ashworth*, 72 N. C. Rep. 496.

2. The executors' remedy, as purchasers, the title of John Fairley failing, is against the personal representatives of John Fairley, under act of 1807. Bat. Rev., chap. 44, sec. 26. *Frost* v. *Reynolds*, 4 Ired. Eq. 494; *Laws* v. *Thompson*, 4 Jones 105.

3. It is admitted that John Fairley had no interest that could be sold under the act of 1812, but it is insisted under the cases of *Schoffner* v. *Fogleman*, 1 Winst. Eq. 16 ; *Taylor* v. *Gooch*, 4 Jones 436 that the purchasers at sheriff's sale ought to be substituted to the rights of John Fairly to the amount of their bid, to the extent of holding the land as a security for the money which they paid. This might be so, if an honest trust— one not infected with fraud—one that could be enforced be-- tween the parties, had existed between John Fairley and the defendants. Such was not the case. John Fairley could have had no relief in equity against the defendants. He had no equity. Neither can the purchasers, who only acquired rights of John Fairley and nothing more. *Floyd* v. *Williams*, 1 Ired. 509 ; *Laws* v. *Thompson*, 4 Jones 105 in point.

The plaintiffs have mistaken their remedy. They should in the first instance have gone into equity, not on the notion of a trust, but because by a fraudulent contrivance, the estate of John Fairley had been put in the hands of the defendants. *Rhem* v. *Tull*, 13 Ired. 62 ; *Page* v. *Goodman*, 8 Ired. Eq. 20 ; *Parris* v. *Thompson*, 1 Jones 58 ; *Gentry* v. *Harper*, 2 Jones. Eq. 177 ; *Gowing* v. *Rich*, 1 Ired. Eq. 559 ; *Frest* v. *Reynolds* 4 Ired. Eq. 494; *Tally* v. *Reid*, 72 N. C. Rep.

*Leitch*, contra.

RODMAN, J. The case made by the amended complaint and admitted by the demurrer is substantially this :

At Fall Term, 1869, the two plaintiffs who are the executors

of Mial Wall recovered a judgment against John Fairley for $357.00 with interest and costs. At the same Term, Gay, the other plaintiff, recovered judgment against the said John Fairley for $863.78 with interest and costs. Both of these judgments were duly docketed, and executions issued under which the sheriff sold a certain piece of land as the property of the defendant, John Fairley, which was bought by the said plaintiffs for $1,000 which sum was credited *pro rata* on their several executions, leaving some part of each unpaid. The sheriff made a deed to the plaintiffs for the land.

It was afterwards discovered that John Fairley had no estate in the land. On the 27th December, 1869, Fairley, being then embarrassed by debts, had procured one Shortridge to convey the land to two of his children, Margaret McEachin and Henry Fairly, who are defendants in this action, and paid to Shortridge $4,000 for such conveyance. John Fairley afterwards died, and one Kerchner became his administrator. The other heirs of John Fairley are also made defendants to the action.

These other heirs are improperly made defendants and the action must be dismissed as to them. They claim no interest in the land in controversy, and no relief is prayed against them.

2. Another ground of demurer is that the administrator of John Fairly is not a party. We notice that he is named as one of the defendants in the amended complaint, but it does not appear that he was ever served with a summons, or ever appeared to the action. The question as to the necessity of making him a party is thus fairly presented.

As John Fairly died July, 1869, the only effect of a judgment against his administrator would be to ascertain the debt. But as the debts are admitted for the present purpose by the demurrer, there is no occasion for the administrator to be a party for that purpose.

Certainly every debt of a testator is payable primarily out of his personal assets, and as the law formerly stood, unless it appeared that there were no assets, the administrator would

have been a necessary party in order to ascertain that fact by an account, and to apply any that might be found on hand, to the payment of the debts. But as the law, now stands a judgment against an administrator does not fix him with assets. An account of assets can be taken in the first instance in the Probate Court only. And notwithstanding a judgment here, it would be competent for the defendants on making it appear that the administrator has personal assets applicable to the plaintiffs debts, to have an account in the Probate Court, and to have the assets properly applied to his debts.

There is no necessity that the administrator should be a party on this ground, and this cause of demurrer is overruled.

3. A third ground of demurrer is that the executors of Mial Wall and Gay are improperly joined as plaintiffs. We are of opinion that although the plaintiffs might have sued severally, yet as their interests are to a certain extent common, and they seek a common relief, they were at liberty to join. The joinder does not prejudice the defendants, and the complaint is not multifarious.

4. The principal question raised by the demurrer, is whether the plaintiffs are entitled to the relief demanded, or to any relief within the scope of their demand. If John Fairley had taken the deed from Shortridge to himself the land would immediately have become liable to the lien of the plaintiff's judgments. That the title never vested in him, prevented a valid sale of the land under execution. The purchasers at execution sale, admittedly acquired nothing. But it does not follow that they, as well as all other creditors of John Fairley, cannot follow the funds of the debtor in the hands of his voluntary, and therefore, in law, fraudulent donees. It is settled that in the case of a fraudulent donation, such as this appears on the complaint to have been, they can. *Rhem* v. *Tull*, 13 Ire. 57.

This is as much as it is necessary to say on this part of the case, as perhaps the defendants may answer over as they will

have a right to do, and the facts may finally be found materially different from what they are stated in the complaint.

The demurrer is overruled except so much of it as assigns as cause that the heirs of John Fairley, other than Margaret McEachin and Hervy Fairley are made parties. In this respect it is sustained. As the defendants are entitled to answer over in the Superior Court, we can give here no other judgment than to overrule the demurrer, except as aforesaid, and to remand the case. Demurrer overruled, except as to so much as assigns as cause of demurrer that the heirs of John Fairley other than Margaret McEachin and Henry Fairly are improperly made parties to this action,—that portion of the demurrer which assigns this as a cause is sustained. Case remanded to be proceeded in, &c. The heirs of John Fairley who are declared to have been improperly made parties will recover cost of plaintiffs. The plaintiffs will recover their costs in this Court of the other defendants.

Let this opinion be certified.

Per Curiam.                              Judgment accordingly.