HENRY C. WALL and THOMAS C. LEAK, Executors, and others v. HENRY FAIRLEY and others.

*Parties--Practice--Purchaser at Execution Sale--Bankruptcy--Real Property.*

1. The personal representative of a deceased person is a necessary party to an action by creditors against the heirs-at-law to subject land to the payment of a debt, when the alleged debt is denied.

2. Where the plaintiffs obtained a judgment against the ancestor of defendants and purchased land at execution sale in which he had no legal or equitable estate (which land such ancestor had procured to be conveyed to his children before said judgment was odtained. he being then insolvent and paying the purchase money) ; *Held*, that the purchasers acquired no estate in the land and that the judgment was satisfied to the amount of their bid ;

*Held further*, That the plaintiffs, under Bat. Rev. ch. 44, §26, had a cause of action against the ancestor for a failure of his title ;

*Held further*, That the subsequent discharge in bankruptcy of the ancestor extinguished such cause of action as well as the original judgment.

3. In such case, the failure of the assignee in bankruptcy to institute proceedings to subject the land to the payment of the judgment debt does not entitle the plaintiffs to relief in this Court

4. Although the words "real property" include equitable as well as legal estates, they cannot be construed to cover land in which the defendant never had any estate or right, and as to which his creditors had only a right in equity to follow a personal fund which had been converted into the land as a gift to his children and in fraud of his creditors.

(*Rhem* v. *Tull*, 13 Ire. 57; *Frost* v. *Rrynolds*, 4 Ire. Eq. 494; *Halcombe* v. *Loudermilk*, 3 Jones 491; *Murrell* v. *Roberts*, 11 Ire. 424; *Scott* v *Dunn*, 1 D. &B. Eq. 425 ; *McKeithan* v. *Walker*, 66 N. C. 95; *Laws* v *Thompson*, 4 Jones, 104, cited, distinguished and approved.)

CIVIL ACTION tried at Spring Term, 1877, of RICHMOND Superior Court, before *McKoy, J.*

The plaintiffs are John C. Gay and the executors of Mial Wall, deceased.

The defendants are the heirs at law of John Fairley, de-

ceased. His administrator was not made a party defendant.

The plaintiffs ask that the defendants be declared trustees, and that certain lands be sold under the direction of the Court and the proceeds be applied to the satisfaction of the debts of John Fairley, deceased.

The facts stated by Mr. Justice RODMAN are deemed sufficient. See also same case, 73 N. C. 464.

Upon issues submitted and under the instructions of the Court below the jury rendered a verdict in favor of the defendants. Judgment. Appeal by plaintiffs.

No counsel for plaintiffs.
*Messrs. John D. Shaw* and *F. McNeill*, for defendants.

RODMAN, J. 1. The defendants object to any recovery by the plaintiffs, because the debts which they allege against John Fairley are denied and his administrator is not a party.

When this case was last before us on a demurrer to the amended complaint, (73 N. C. 464,) the fact that the administrator was not a party, was assigned as one cause of demurrer. We thought then, that inasmuch as the debts to plaintiffs were admitted by the demurrers there was no necessity that the administrator should be a party, as the only object of making him a party was to establish the debts. The opinion of the Court was delivered by me, and it did not then occur to me, as has been pointed out in the argument on the present trial, that although the admission was conclusive upon the defendants for the purposes of that trial, it would not bind the administrator, if the defendants should sue him for an account in the Probate Court. Whether our opinion on that point was right or wrong as the case was then presented, it is not now material to consider. It was confined to the particular circumstances of the case as it was then presented to us, and we never meant to say that the administrator would not be a ne-

cessary party, if the alleged debts to the plaintiffs were denied.

As the case is now presented, we think that the adminis-trator of John Fairley is a necessary party to any determi-nation that the intestate owed the debts alleged in the complaint.

2. A decision confined to this point would merely remand the case to be tried over again, and as we think the other grounds of defence are with the defendants, it would be mere procrastination to put our judgment on the former point alone. In November, 1869, Wall and Leak, executors, recovered judgment against John Fairley for $357, with interest and costs, and at the same term, Gay recovered judgment for $863.78, &c.

Executions on these judgments were levied on a piece of land which one Shortridge, for a consideration paid to him by John Fairley, who was then insolvent, had, before the recovery of the judgments, conveyed to Margaret McEachin, and Henry Fairley, children of said John. The land, or rather the estate of John Fairley in the land, was bought by the plaintiffs for $1000, which being applied *pro rata* to the judgments left a residue unpaid on each.

As John Fairley never had any estate, legal or equitable, in the land, the levy and sale were wholly void ; in that, the purchasers acquired no estate in the land purchased, and no lien upon it for their debts. *Rhem* v. *Tull*, 13 Ire. 57 ; *Frost* v. *Reynolds*, 4 Ire. Eq. 494. Their judgments were satisfied to the amount of their respective shares of the money bid. *Halcombe* v. *Loudermilk*, 3 Jones, 491 ; *Murrell* v. *Roberts*, 11 Ire. 424 ; *Frost* v. *Reynolds*, 4 Ire. Eq. 494. And although by virtue of Bat. Rev. ch. 44, § 26, the purchasers were entitled to recover of John Fairley, by reason of the failure of his title to the property, the sums paid by them on the purchase, yet the debt to them was in the nature of a debt by assumpsit, and was barred by the statute of limitations.

after three years from the accrual of the right of action. *Laws* v. *Thompson*, 4 Jones, 104.

We do not propose however to consider the effect of the statute of limitations as a defence in this case.

On 17th November, 1870, John Fairly was adjudicated a bankrupt. On 3rd February, 1871, he formally assigned all his property to an assignee. On 24th March, 1871, he received his final discharge. At that date, among the debts which he owed, were the $1000 to plaintiffs as aforesaid, and the unpaid residues of their several judgments.

No reason is given to us why all these debts were not discharged, and we think they were. In that case the plaintiffs were not creditors of John Fairley in 1873, when the amended complaint was filed, and their whole case falls to the ground. The debts to plaintiffs were provable in the Bankrupt Court. Their right to subject the land described in the complaint was not destroyed when John Fairley went into bankruptcy, and they as creditors might have exercised that right through his assignee and if necessary, might, by application to the Court, have compelled him to assert it. That they did not do so, and that the assignee has permitted the statute of limitations to bar his claim, (if he has done so, as we assume that he has) is no argument why this Court can aid the plaintiffs. If the debt were a fiduciary one, or if the plaintiffs had acquired any estate in the land which gave them a lien, the case might be different. But we have seen that they have not. The debts to them stand on no different footing from the other debts of the bankrupt and were extinguished by his discharge. In fact it cannot be material, whether the judgments were extinguished in part by the sale of the supposed estate of John Fairley, or not. Because, even if equity would keep them alive for the benefit of the purchasers, and would substitute them to the rights of the judgment plaintiffs, as it might perhaps be contended under the case of *Scott* v. *Dunn*, 1 D. & B. Eq. 425,

that it would, still, by the discharge of the defendant as a bankrupt, the judgment debts have been discharged.

Such we consider to be the law without reference to the Code of Procedure, And we think that that has made no change. By § 254, docketed judgments are a lien on the real property of the defendant which he had at the time of the docketing, &c.

It has been held that the words "real property" include equitable, as well as legal estates of the defendant although they are such as cannot be sold under execution, or without a resort to the extraordinary remedies of the Courts. *McKeithan* v. *Walker*, 66 N. C. 95.

But these words cannot be construed to cover land in which the defendant never had any estate or right, and as to which, his creditors have only a right in equity to follow a personal fund, which has been converted into the land as a gift to his children and in fraud of them.

PER CURIAM.                    Judgment affirmed.