THE DAWSON BANK v. GEORGE HARRIS and others.

*Pleading— Practice— Parties.*

1. A complaint in which are two causes of action, the one upon a debt and the other to declare void certain conveyances alleged to have been made by the debtor in fraud of the complaining creditor, is not demurrable on the ground of a misjoinder of causes of action.

2. Nor is the same demurrable for want of an allegation that the defendant debtor has not other property sufficient to satisfy the claim.

3. Nor is it necessary in such case to reduce the debt to judgment and have a return of *nulla bona* to the execution in order to maintain the action, the courts under our present system having the jurisdiction of courts of law and courts of equity, and therefore competent to give full relief in one action.

4. And where the alleged fraudulent conveyances are made to several grantees, they all have an interest in the subject matter, and are necessary and proper parties in order to a final determination of the controversy.

(*Clark* v. *Banner*, 1 Dev. & Bat. Eq., 608; *Bethell* v. *Wilson*, Ib, 610; *Brown* v. *Long*, 1 Ired. Eq., 190; *Wheeler* v. *Taylor*, 6 Ired. Eq., 225; *Kilpatrick* v. *Means*, 5 Ired. Eq., 220; *Moore* v. *Ragland*, 74 N. C., 343; *McLendon* v. *Com'rs*, 71 N. C, 38; *Glenn* v. *Bank*, 72 N. C., 626; *Hamlin* v. *Tucker*, 72 N. C., 502; *Young* v. *Young*, 81 N. C., 91, cited and approved.)

CIVIL ACTION tried at Spring Term, 1880, of NEW HANOVER Superior Court, before *Avery, J.*

The case was heard on complaint and demurrer. The demurrer was sustained, judgment, appeal by plaintiff.

*Mr. E. S. Martin*, for plaintiff.
*Messrs. McRae & Strange*, for defendants.

SMITH, C. J. The plaintiff alleges that the defendant is indebted to him in the sum of seven thousand dollars, evidenced by two promissory notes under a contract for the loan of money entered into prior to February 3d, 1874, on which the interest has been paid up to April 28th, 1878; that on February 3d, 1874, May 4th, 1874, and July 27th, 1875, he made several deeds to the respective defendants, Marsden Bellamy, Henry P. West and John D. Bellamy, of separate lots of land owned by him in the city of Wilmington, with false recitals of money considerations, with an understanding and agreement with each, that they should reconvey to his wife, the defendant Julia, which has been carried into effect, and with an express intent thereby to defraud his creditors, and places his property beyond the reach of legal process.

That in furtherance of this purpose, after paying off several judgments recovered against him in New Hanover superior court, in the aggregate sum of twenty-six hundred dollars, he has caused the same to be assigned to his wife, more effectually to protect the several covinous conveyances and secure the property to her. That he owes debts exceeding fifty thousand dollars in amount, which all his estate of every kind, including that mentioned in the fraudulent deeds, is wholly insufficient to pay, and that he has become and is utterly insolvent.

The object of the action and the prayer of the complaint are that the plaintiff have judgment for his debt, that the several deeds be declared void, and the property therein

mentioned, or so much as may be necessary, be sold for the satisfaction of the debt.

The defendants demur to the complaint, and assign as grounds thereof:

1. For that it is not averred that the defendant has not other property liable to execution and sufficient to pay the plaintiff's demand.

2. For that it appears upon the face of the complaint that the debt has not been reduced to judgment, so that execution could issue therefor.

3. For that there is a misjoinder of distinct and independent causes of action.

4. For that there is a misjoinder of parties and there is no community of interest among them, in the several impeached assignments.

These objections to the granting of the relief sought, under the present structure of the complaint, we proceed to consider:

I. The absence of an averment that the plaintiff cannot obtain satisfaction of his demand, from other property of the debtor:

The allegations of the complaint on this behalf are not very specific and pointed. But it charges the fraudulent alienations of the debtor, to screen his property from the claims of his creditors, and the plan by which it is intended and attempted to divest the title to a large number of town lots out of the defendant, and put it in his wife, under instruments in proper form to effect the object; the transfer to her of discharged judgments, apparently in force, for the accomplishment of the same dishonest purpose; the hopeless insolvency of the debtor, and the insufficiency of all his estate to meet his liabilities. These allegations, in substance, must be understood to mean that satisfaction of the plaintiff's debt can only be procured by pursuing the alienated land, and appropriating it thereto, and especially in

the absence of any intimation that he has any other property accessible to legal process.

II. The failure to prosecute the claim to judgment, and sue out execution thereon :

When, under our former system, the law was administered by two separate and distinct tribunals, of which each had its own rules of practice, the court of equity would lend its aid to a creditor in enforcing a legal demand, when he had none or an inadequate remedy at law. Hence it became an established doctrine in that court, to refuse its assistance, unless the creditor had ascertained the amount of his debt by reducing it to judgment, and sued out execution, when the property of the debtor pursued, could be seized and sold thereunder, as in case of a fraudulent and ineffective assignment, in order that a lien might attach, although this was not required, when the estate and interest to be appropriated was purely equitable, or such as was not accessible to legal process, and in both cases it must be shown (and commonly this was done by the return of *nulla bona* to the execution) that the debtor had no property from which the debt could be satisfied by such legal process. *Clark* v. *Banner*, 1 Dev. & Bat. Eq., 608; *Bethel* v. *Wilson*, *Ibid.*, 610. " A court of equity never interferes," says RUFFIN, C. J., in *Brown* v. *Long*, 1 Ired. Eq., 190, " on behalf of a mere legal demand, unless the creditor has tried the legal remedies, and found them ineffectual." In like manner, NASH, J., speaking for the court in *Wheeler* v. *Taylor*, 6 Ired. Eq., 225, repeats the remark and adds : " The creditor must reduce his debt to judgment, and in general take out execution, that it may appear by demanding property of the defendant and the return of *nulla bona*, that satisfaction cannot be had at law." See also *Kilpatrick* v. *Means*, 5 Ired. Eq., 220, and numerous other cases. It is obvious, that as this rule grew out of the relations of the two courts under the former system, one acting in aid of the other, and was

14

essential to the harmony of their action in the exercise of their separate functions in the administration of the law, so it must of necessity cease to have any force, when the powers of both, and the functions of each, are committed to a single tribunal, substituted in place of both. Why should a plaintiff be compelled to sue for and recover his debt, and then to bring a new action to enforce payment out of his debtor's property in the very court that ordered the judgment? Why should not full relief be had in one action, when the same court is to be called on to afford it in the second? The policy of the new practice, and one of its best features, is to furnish a complete and final remedy for an aggrieved party in a single court, and without needless delay or expense. The demurrer admits the debt, the insolvency of the debtor, his fraudulent contrivances, with the help of others, to place his property beyond the reach of creditors, and secure it for the enjoyment of himself and wife, his large indebtedness still subsisting, and by a fair implication, the want of other property which a creditor can reach ; these facts would seem to remove all obstacles in the way of the relief demanded.

In *Moore* v. *Ragland*, 74 N. C., 343, RODMAN, J., uses this language : " A creditor can only assert his rights, as such, by obtaining a judgment which will be a lien on the property which the debtor has, and also on all which he has before that time fraudulently conveyed." The remark was not intended to convey the idea that the judgment must be first obtained in an independent suit, but that a creditor, merely as such, and without a judgment, could not pursue and get satisfaction out of the debtor's property. This is undoubtedly correct, for without a judgment for the debt, though it may be rendered preliminarily in the same action, the creditor has no claim upon his debtor's property.

There is a strong analogy to the present to be found in the case of *McLendon* v. *The Commissioners of Anson*, 71 N.

C., 38. There, the plaintiff in the same complaint demanded judgment for the amount due on his coupons and a *mandamus* to coerce payment; and the answer to the objection that two distinct and independent causes of action were improperly joined, READE, J., uses this pertinent language: "*Cui bono*, another action? It is true that a *mandamus* issues only when the amount is ascertained, but here it is ascertained when the judgment is rendered and the complainant demands both the judgment and the writ of *mandamus*. This, therefore, is a civil action for a *mandamus*, as much as it is a civil action for a money demand." We see no reason why, if an admitted subsequent remedy by *mandamus*, which proceeds upon the refusal of the county authorities to levy the necessary tax, can be demanded in the action for the recovery of the money due, as a means of rendering the judgment effectual by satisfying it, the remedy against the obstructing frauds, alleged to have been practiced by the defendants, may not in like manner be afforded the plaintiff in the same action and looking to the same end, the payment of his debt.

III. The blending in one action of two separate and distinct actions, the one posterior to and dependent on the result of the other:

What has already been said is a sufficient answer to this assigned cause of demurrer, and it is only necessary to add that the point is expressly decided and the objection declared to be without force by this court in *Glenn* v. *Bank*, 72 N. C., 626. It was there held to be competent to proceed against the insolvent debtor bank, and against the stockholders upon their individual liabilities under the charter, in the same action.

IV. The last objection is to the joining of the several defendants, who are connected with different transactions, and are without any community of interest, and no combination among them is charged:

The essential unity of the proceeding consists in the fact that the debtor's own property is alone sought to be appropriated to his own debt. If the conveyances are fraudulent, as for this purpose the demurrer admits, the title remains in Harris, and never was divested out of him. The aid of the court is asked to remove a cloud upon the title, by declaring the deeds void, so that the property may be sold under the direction of the court, and bidders be induced to give the value for it. The defendants, other than Harris, are made parties because they by their deeds profess to have had an interest in the subject matter, and section 61 of the Code requires they should, in order that they may be concluded by the result and the adjudication be final.

These general views we think are in accord with the current of decisions in respect to the construction of the provisions of the Code, whose predominant purpose is to make one proceeding adjust and settle all controversies about its subject matter. *Hamlin* v. *Tucker*, 72 N. C., 502; *Young* v. *Young*, 81 N. C., 91, and the authorities therein cited and reviewed.

There is error, and this will be certified for further proceedings in the court below.

Error.                                    Reversed.