W. M. MEBANE and others v. ALFRED LAYTON and others.

*Fraud—Parties—Pleading—Jurisdiction—Equity.*

1. Creditors affected by the fraud of a common debtor in the conveyance of his property, have the right to join in one action to subject the same to the payment of their debts. The complaint here is not therefore demurrable for misjoinder.

2. Judgment upon the claims not necessary to give the right to bring such suit. *Bank* v. *Harris*, 84 N. C., 206, approved.

3. And whatever may be the *sum demanded* the court of equity has juris-diction. *Fisher* v. *Webb,* 84 N. C., 44, and cases cited.

(*Bank* v. *Harris,* 84 N. C., 206; *Murphy* v. *McNeill,* 82 N. C., 221; *Fisher* v. *Webb,* 84 N. C., 44; *Wall* v. *Fairley,* 73 N. C., 464, cited and approved).

CIVIL ACTION tried at January Special Term, 1882, of GUILFORD Superior Court, before *Gudger, J.*

The plaintiffs, suing for themselves and other creditors of the defendant, Alfred Layton, allege that he is indebted to the plaintiff, Mebane, by two justice's judgments, one for the sum of $11.85 and costs rendered upon an open account contracted in 1866; and the other for $20.72 and costs, both of which have been "docketed in the superior court;" and also by a note for $37.43 due since September 1863; that he is also indebted to the plaintiff, Coble, in his own right by bond for $110.00 due the 6th of October, 1875, and to him as administrator of one Goley in three several justice's judgments, one for $2.75; one for $2.17; and the third for $4.70, and costs on each—all of which were rendered upon debts contracted in February, 1867, and all likewise "docketed in the superior court;" and that he is indebted to other persons, and in other amounts, unknown to plaintiffs; that being thus indebted, and insolvent, the said defendant in July, 1866, contracted with one Brothers, for the purchase of a tract of land at the price of $200, for which he paid the entire purchase money; but, for the purpose of defrauding his said creditors, procured the deed for the same to be made to his mother, the defendant Lucinda, who afterwards and without other consideration conveyed it to his (defendant's) wife, the defendant Rebecca.

Thereupon they insist upon their right to follow his funds in the said land, and that the same be sold for the satisfaction of their demands, and those of his other creditors.

The defendants demur to the complaint upon the following grounds:

1. For misjoinder—In that the plaintiffs have separate and distinct interests, and sue upon distinct claims, which should not be united in the same action.

2. That as it appears from the complaint, each plaintiff embraces in his demands against the defendant, a claim that has not been reduced to judgment, and for an amount that falls exclusively within the jurisdiction of a justice of the peace.

3. That it does not appear that the alleged judgments have been docketed in the *superior court of Guilford county.*

4. For that it does not appear that executions have been issued under such judgments and returned *nulla bona.*

5. For that it is not averred that the defendant, Layton, has no other property or effects, sufficient to satisfy the plaintiffs' debts, the allegation of his *insolvency* being insufficient to support this action.

6. For that the complaint does not state facts sufficient to constitute a cause of action.

The demurrer was sustained, and the plaintiffs appealed.

*Messrs. Scott & Caldwell,* for plaintiffs.
*Mr. John N. Staples,* for defendants.

RUFFIN, J.   By their demurrer, the defendants admit the demands of the plaintiffs; the existence of other creditors and claims against the debtor; his insolvency; and his covinous attempt to secrete his effects, and, with the coöperation of his mother and wife, to secure them for his own ease and comfort.   It is difficult then to conceive of anything more that can be needed to entitle the plaintiffs to the relief they seek at the hands of a court of equity.

If the two active creditors had sued for their own benefit only, a simple allegation of the insolvency of the debtor might have been, and in fact would have been deemed insufficient to support their action; for though thus insolvent,

he might still have possessed tangible property liable to be taken under execution, sufficient to satisfy their demands, and thus render a resort to the court of equity unnecessary. But suing as they do for the benefit of every creditor alike, an allegation of absolute insolvency, as existing at the date of the attempted perversion of his property and as still continuing, must suffice, as it is apparent that the fund perverted must be needed to satisfy all the demands against the debtor. And as his interest in the property sought to be reached is purely an equitable one, no other court is competent to give the needed relief.

In *Bank* v. *Harris*, 84 N. C., 206, there was a careful review, by the present Chief Justice, of the rule and the reason hitherto adopted by the courts of equity in this state, not to aid a creditor in such cases, until he had exhausted all his legal remedies, by reducing his claim to judgment and issuing an execution thereunder; and as it was thought that the rule obviously grew out of the relations which the two courts of law and equity then bore towards each other, so it was considered that it must cease altogether, now, that the functions of the two courts are consolidated, and committed to the "superior courts." Accordingly, it was held in that case, that it is not now necessary to have a judgment and execution, and a return of *nulla bona,* before invoking the aid of the court to set aside a conveyance, executed with the fraudulent intent to hinder and delay creditors.

All the cases cited by counsel in support of this branch of his demurrer were referred to in that decision, and the conclusion arrived at as to the effect of the change of system is admitted to be a departure from the doctrine there laid down.

Neither does the objection, that the plaintiffs have embraced in their actions demands founded on contract, and less in amount than two hundred dollars, hold good. The object of the action is not simply to enforce those contracts,

but to reach a fund of the debtor improperly converted into land, and the title taken to another. It is just the distinction taken in *Murphy* v. *McNeill*, 82 N. C., 221, where the jurisdiction of the court was upheld in an action to foreclose a mortgage, given to secure a debt less than two hundred dollars.

The interest of the debtor in this land could not be sold under execution, as the title was never in him, and none but a court of equity could ever reach it. And as was said in *Fisher* v. *Webb*, 84 N. C., 44, no part of the jurisdiction of the old court of equity has been conferred upon the court of a justice of the peace, so as to enable it to try any action heretofore solely cognizable in a court of equity.

In Story's Eq. Plead., § 285, it is said that an exception to the general doctrine of misjoinder is made, when the parties have one common interest touching the matter of the bill, although they claim under distinct titles, and have independent interests; and as an illustration, in the next section it is said that two or more creditors may join in one bill against their common debtor and his grantees to remove an impediment created by his fraudulent conveyance of his property.

In *Brinkerhoff* v. *Brown*, 6 John., Ch. 139, CHANCELLOR KENT ruled that different creditors might unite in one bill, the object of which was to set aside a fraudulent conveyance of their common debtor. It was so held also, in *Mc-Durmut* v. *Strong*, 4 John., Ch. 687; *Emerton* v. *Lyde*, 1 Paige, 637, and *Conro* v. *Iron Co.*, 12 Barb., 27, and by this court in *Wall* v. *Fairley*, 73 N. C., 464.

Indeed in all these cases, the right of the creditors, affected by the fraud, to join in one action, seems to have been taken for granted, and the only question mooted, was, as to the right of a single creditor by suing alone, to acquire a priority for himself.

In our opinion the court below erred in sustaining the

demurrer, and its judgment is therefore reversed; and judgment will be entered here overruling the same, and remanding the cause to the end that the defendants may have the opportunity to answer.

Error.                                                                                Reversed.