R. R. ROBERTS et al. v. K. LEWALD et al.

*Assignment, Fraudulent and Void—Promissory Notes—Debts Not Due—Creditors—Trustee—Injunction.*

1. In an action for debt, and to have declared fraudulent and void a deed of assignment, brought by creditors against the assignor and assignee, the plaintiffs allege that the defendant assignor executed to them several promissory notes for goods sold, intending to make the debts fall due after his assignment, and thus, at all times, intending to defraud his creditors; that the property is insufficient to pay his debts specified in the trust; that the trustee is unfit to administer his trust; that there is connivance between the assignor and trustee, and other facts tending to show a fraudulent assignment: *Held*, that the complaint stated a sufficient cause of action, and this although it appeared that the notes were not yet due.

2. Where, in a motion for injunction, the Court below finds the facts, this Court will review such findings when the evidence is sent up.

3. The trustee should be restrained from paying any part of the proceeds of sale coming into his hands until the controversy is determined.

4. The Court has authority to secure this fund.

This was a Motion for injunction, heard February 4th, 1890, at Rockingham, by *Bynum, J.*

This action is brought by the plaintiffs in behalf of themselves and all other creditors of the defendant Lewald, to obtain judgment against him for certain debts specified in the complaint, and to have a deed of trust specified, executed by him to the defendant Nimocks, conveying to the latter all his property in trust, to be sold, and the proceeds of sale applied to the payment of certain debts in the deed mentioned, declared and adjudged fraudulent and void; to have the property so fraudulently conveyed, sold, and the proceeds of such sale applied to the payment of the judgment of the plaintiff and the judgments of other like creditors who may join in this action, &c.

107—20

Among other things, it is alleged in the complaint:

"3. That, on the 8th day of July, 1889, plaintiffs Roberts & Hoge sold and delivered to the defendant K. Lewald a bill of boots and shoes, amounting in the aggregate to the sum of twelve hundred and forty-seven dollars, for which said K Lewald executed to plaintiffs, on the 16th day of November, 1889, his three several promissory notes, dated October 15th, 1889, or thereabout, the first note for $415.67, and payable January 15th to 18th, 1890; the second note for $415.67, to be due February 15th to 18th, 1890, and the third note for $415.66, to be due March 15th to 18th, 1890, and all bearing interest from maturity at the rate of six *per centum* per annum.

"7. That plaintiffs believe, and so aver, that at the time of the purchase of the goods from affiant's firm, mentioned in paragraph 3 of this complaint, and at the time of the execution of the said promissory notes, and at all times since, said K. Lewald intended to defraud plaintiffs, and, in execution of his said fraudulent intent, said K. Lewald induced plaintiffs to accept said notes, so as to make the debt fall due after the time he intended to make his said fraudulent deed of trust; the plaintiffs believe, and so charge, that the said deed of trust to R. M. Nimocks was made with the fraudulent intent and purpose of hindering, delaying and defrauding plaintiffs and other creditors of the said K. Lewald.

"4. That on the 14th day of December, 1889, the defendant K. Lewald executed to the defendant R. M. Nimocks a deed of trust, conveying to him all of the boots, shoes, clothing, dry goods, and all other articles of merchandise of every description, contained in the store-house on Hay street, in the town of Fayetteville, N. C., where he was doing business as a merchant, together with all other property of every description owned by the said K. Lewald, except the exemptions allowed by law," &c., &c.

The complaint further alleges, at great length and much in detail, facts and circumstances which, if proven to be true, render the deed of trust in question fraudulent and void as to the plaintiffs and many other creditors. It is alleged that the property is insufficient to pay the debts specified in the deed; that the defendant trustee is unfit to administer the trust; that he connives at and helps the defendant Lewald in his fraudulent schemes and purposes, &c. The defendants, in their answer, admit some of the material facts, deny others, and especially deny the alleged fraud and the fraudulent character of the deed of trust, and allege that the defendant trustee is, in all respects, a fit and proper person to be such trustee; that he is entirely solvent and responsible; that the sale of the goods should not be delayed, &c. At Chambers, on the 30th day of December, 1889, a Judge granted the restraining order, of which the following is the material part: " On reading the foregoing affidavit, it is ordered that the defendant R. M. Nimocks show cause before the Judge holding the January Term of the Superior Court at the court-house in Fayetteville, on Monday, the 20th day of January, 1890, at 12 M., why the injunction prayed for should not be granted, and in the meantime the said defendant, his agents and servants, are restrained from dis- posing of any of the assets which have or which may here- after come into the hands of said Nimocks, as trustee, under the deed of assignment made by said Lewald to said Nim- ocks, and referred to in the affidavit." Afterwards, on the 4th of January, 1890, this order was modified as follows: " It is further considered that the order heretofore made by me be modified so as to permit the assignee, R. M. Nimocks, to sell and dispose of the goods and effects assigned to him by the deed of trust referred to in the complaint, and he is restrained from disposing of the fund arising from said sale, except the personal property exemptions of Lewald to be paid in cash, until the return day of the order, to show

cause heretofore granted." Afterwards the Court heard the motion for an injunction pending·the action upon the complaint and answers used as affidavits, exhibits, and numerous affidavits produced by the plaintiffs and defendants, and vacated the restraining order and denied the motion. The plaintiffs excepted, and appealed to this Court.

Messrs. *N. A. Sinclair* (by brief), *H. L. Cook, A. W. Haywood* and *H. McD. Robinson,* for plaintiffs.
Messrs. *N. W. Ray* and *T. H Sutton,* for defendants.

MERRIMON, C. J.—after stating the facts: The defendants moved in this Court to dismiss the action, upon the ground that the complaint fails to state facts sufficient to constitute a cause of action. The motion cannot be allowed. The action is brought in behalf of all the creditors of the defendant Lewald who become parties thereto, and it appears from the record that a creditor other than the plaintiffs who brought the action has become a party plaintiff and filed a proper pleading, alleging his cause of action as such creditor. Moreover, the plaintiffs who brought the action allege a cause of action that may be sustained when the action shall be tried upon the merits. It is true, the notes specified in the complaint were not due at the time the action began, but the complaint alleges the indebtedness of the defendant Lewald to the plaintiffs, for which the notes were given and which they represent, and it further alleges that the notes were given by the maker of them for the fraudulent purpose of hindering the plaintiffs in bringing their action at once, and to enable him to execute the more successfully and effectually the deed of trust alleged to be fraudulent. It is not proper now to decide that the action can, or cannot, be sustained as to the notes mentioned, in some aspect of them, or that it can, or cannot, be sustained as to the cause of action—the indebtedness—of the defendant debtor that they represent, but

certainly a cause of action is alleged sufficient and fit, in its character and substance, to be litigated, and this is sufficient for the present purpose, whatever may be the final result. It is settled that a creditor's action, such as this purports to be, can, and will, in proper cases, be entertained and sustained. This is so, because the Court has jurisdiction of both the legal and equitable rights of parties in the same action, when these are properly alleged in the pleadings. *Bank* v. *Harris*, 84 N. C., 206; *Mebane* v. *Layton*, 86 N. C., 571; *Dobson* v. *Simonton*, 93 N. C., 268; *Frank* v. *Robinson*, 96 N. C, 28.

The defendants also moved here to affirm the judgment, upon the ground that "no sufficient statement of exceptions has been filed by the appellant, and there is no finding of fact." Nor can this motion be allowed. The motion for an injunction is equitable in its nature, and hence, upon appeal from the order of the Court below allowing or denying the same, it becomes the duty of this Court to examine the evidence before the Court below, find the facts, and determine, upon such finding, that the motion was properly allowed or denied. But this Court can so review and find the facts only when the same evidence is sent up to this Court that was before the Court below. When the evidence is not all sent up, and cannot, for any cause, be brought up, this Court can only examine questions legal or equitable in their nature, raised by the facts as found by the Court below. *Jones* v. *Boyd*, 80 N. C., 258; *Young* v. *Rollins*, 90 N. C., 125; *Worthy* v. *Shields, ibid*, 192; *Coates* v. *Wilkes* 92 N. C., 376; *Gatewood* v. *Burns*, 99 N. C., 357. All the evidence before the Court below in this case has been sent up and is now before us. The exceptions are very general in their character, but they sufficiently raise the question, whether or not, from the facts, the Court should have allowed an injunction pending the action, and, if it should have been granted,

what should have been its particular character, compass and purpose. We have examined and considered carefully the evidence before us, and, without adverting to it in detail (we ought not to do so), we cannot hesitate to declare and find that it tends to prove the substance of the allegations of fraud in the deed of trust, and the fraudulent conduct of the maker thereof, as alleged. While the evidence tends, not so strongly, to prove that the defendant trustee is not so careful as he ought to be in the discharge of his duty as to the property with which he is charged, it shows that he is capable and abundantly solvent, and that it will promote the interests of all parties to sell the property in controversy as rapidly as this may be prudently done. We are, however, of opinion that no part of the fund arising from the sale of the property should be paid in discharge, or on account of, any debt specified in the deed of trust, or which it purports to secure, pending the action. The order of injunction should, therefore, be granted, restraining the defendant trustee from paying any part of such debt pending the action, until it shall be disposed of upon its merits, or otherwise. The Court has authority to thus secure the fund arising from the sale of the property. Otherwise, the trustee might dispose of the fund as directed by the deed, and greatly embarrass, if not altogether defeat, the rights of the plaintiffs to have the same, or part thereof, applied to the payment of their debt when and if they shall recover judgment for the same. *Frank* v. *Robinson*, 96 N. C., 28.

The defendants' counsel, on the argument, cited and relied upon *Levenson* v. *Elson*, 88 N. C., 182, and *Rheinestein* v. *Bixby*, 92 N. C., 307. In these cases the application was for an injunction and receiver, but here, the trustee is simply restrained from disposing of the fund within the jurisdiction and control of the Court pending the action. This case comes within the rule applied in *Harrison* v. *Bray*, 92 N. C.,

488; *Ellett* v. *Newman, ibid.*, 519; *Whitaker* v. *Hill*, 96 N. C., 2; *Lumber Co.* v. *Wallace* 93 N. C., 22.

There is error. To the end that an injunction may be granted, as in this opinion directed, let the latter be certified to the Superior Court. It is so ordered.

Error.