J. W. ROBINSON v. W. B. WILLIAMS and W. D. WILLIAMS, Copartners, Trading as DIXIE SALES COMPANY.

(Filed 11 March, 1925.)

1. **Actions — Parties — Partnership — Deeds and Conveyances — Fraud —Causes of Action—Misjoinder—Pleadings—Demurrer.**

The bringing of a creditor's bill to establish the existence of a partnership between the defendants, to obtain judgment on their respective claims and to set aside a fraudulent conveyance made by one of these defendants to another on all the assets of the alleged copartnership, is not a misjoinder of parties and causes of action, and a demurrer thereto will not be sustained.

2. **Equity—Creditor's Bill—Courts—Jurisdiction.**

A creditor's bill is an equitable remedy and is cognizable in the Superior Court; and the jurisdiction of the court in such suits applies to the joinder of creditors whose claims ordinarily would be only cognizable in the court of a justice of the peace.

APPEAL by defendant W. D. Williams from *Devin, J.,* at October Term, 1924, of EDGECOMBE.

Civil action, brought by a number of creditors in the form of a creditor's bill, to establish their claims, to show the existence of a partnership between the defendants, and to assail the validity of a mortgage given by one of the defendants to the other on all the assets of the alleged partnership, it being alleged that said conveyance was fraudulently made to secure an ostensible but unreal indebtedness of $18,000.00.

Demurrer interposed, on the ground of an alleged misjoinder, both of parties and of causes of action; overruled, and defendant W. D. Williams appeals.

*Thorne & Thorne, J. B. Ramsey, and John H. Kerr, Jr., for plaintiff.*
*Battle & Winslow for defendant W. D. Williams.*

STACY, J. The demurrer was properly overruled. It is held with us that where there is a misjoinder, both of parties and of causes of action, and a demurrer interposed upon this ground, the demurrer should be sustained and the action dismissed. *Shore v. Holt,* 185 N. C., 312; *Rose v. Warehouse Co.,* 182 N. C., 107; *Roberts v. Mfg. Co.,* 181 N. C., 204. But this is not our case. The present action is brought by a number of creditors, who file a creditors' bill, or a bill in equity, to establish the existence of a partnership between the defendants, to obtain judgments on their respective claims, and to set aside, as a fraudulent conveyance, an $18,000-mortgage given by one of the defendants to the other on all the assets of the alleged copartnership. Such relief may

properly be had in a single suit, and several or all of the creditors may unite as parties plaintiff in the same action. *Wofford v. Hampton,* 173 N. C., 686; *Smith v. Summerfield,* 108 N. C., 284; *Hancock v. Wooten,* 107 N. C., 9; *Bank v. Harris,* 84 N. C., 206; *Fisher v. Bank,* 132 N. C., p. 773.

Nor will a creditor be denied the right to join as party plaintiff in this action pending in the Superior Court, because his claim is less than $200.00. *Machine Co. v. Burger,* 181 N. C., 241. The proceeding is one in equity, and the full relief sought may be administered only in a court of equity. *Mebane v. Layton,* 86 N. C., 572; *Fisher v. Webb,* 84 N. C., 44.

Affirmed.