SAVANNAH SUGAR REFINING COMPANY, CHATTANOOGA GLASS COMPANY, OWENS-ILLINOIS GLASS COMPANY, DIAMOND NATIONAL CORPORATION and CONSOLIDATED CORK CORPORATION v. ROYAL CROWN BOTTLING COMPANY of WILMINGTON, INC. and WILMINGTON R. C. COLA, INC.

(Filed 20 March 1963.)

**Fraudulent Conveyances § 2—**

Creditors having unconnected claims against a common debtor may join in suing the common debtor and his transferee to have the debtor's

conveyance of property set aside as fraudulent and to recover judgment against the debtor on their claims, and the fact that some of plaintiffs have reduced their claims to judgment is immaterial.

APPEAL by defendants from *Bone, J.,* October 1962 Civil Term of NEW HANOVER.

Summarized, the complaint states these facts: Plaintiffs are corporations created by the laws of states other than North Carolina. Defendants were created pursuant to the laws of North Carolina. They have their principal places of business in New Hanover County. On 18 October 1960 plaintiff Sugar Refining Company instituted suit against defendant Bottling Company to recover the sum of $4,500 owing and evidenced by Bottling Company's notes. On 23 March 1961 judgment was rendered for plaintiff in said action for the sum demanded. Execution issued on the judgment. It was returned "nothing to be found." Defendant Bottling Company is indebted (a) to plaintiff National Corporation in the sum of $789.84 for goods purchased between 22 September 1960 and 31 December 1960, (b) to plaintiff Chattanooga Glass Company in the sum of $4,416.67 for goods purchased between 1 April 1959 and 2 July 1959. (c) to plaintiff Owens-Illinois Glass Company in the sum of $2,750 for goods purchased between 2 February 1960 and 10 October 1960, and (d) to Consolidated Cork Corporation in the sum of $1,135.30 for goods purchased between 3 October 1960 and 24 January 1961. Defendant Bottling Company, on 31 December 1960, executed a chattel mortgage to J. H. Ferguson to secure a recited indebtedness of $23,552.35 due Sarah Y. Noffsinger. This mortgage, conveying all of the personal property of defendant Bottling Company, has been recorded in New Hanover County. Bottling Company did not retain sufficient assets to pay its debts. The chattel mortgage "was executed without consideration and made with actual intent upon the part of the grantor to defraud its creditors." The mortgage violates the provisions of G.S. 39-15, 16, and 17. On 1 February 1961 defendant Bottling Company transferred all its assets to defendant Cola. Defendants Bottling Company and Cola are owned by the same persons, i.e., Hugh G. Noffsinger, Jr. and his wife, Sarah Y. Noffsinger. The other incorporators and stockholders "were merely proforma stockholders, officers and directors with no substantial or real interest in the said corporation." Defendant Bottling Company is insolvent and has ceased to do business. Defendant Cola now holds all the assets of defendant Bottling Company.

The prayer of the complaint is: (1) that the chattel mortgage to Ferguson "be declared utterly void and of no effect; (2) that the convayance of the assets by Bottling Company to Cola "be declared utter-

ly void and of no effect"; (3) that plaintiffs other than Refining Company have judgments for the debts owing them by Bottling Company, that Refining Company's judgment against Bottling Company be affirmed and any assets recovered "be divided pro rata between the plaintiffs."

Defendants demurred for that: (1) it appeared from the complaint Refining Company had obtained a judgment for the debt due it, and because of said judgment was not entitled to further relief, and (2) for misjoinder of parties and causes of action, because the debts alleged to be owing by Bottling Company were debts to individual plaintiffs, and no plaintiff was interested in the debt owing by Bottling Company to the other plaintiffs.

The demurrer was overruled. Defendants excepted and appealed.

*John C. Wessell and Carr and Swails by James B. Swails for plaintiff appellees.*

*J. H. Ferguson and Stevens, Burgwin, McGhee & Ryals by John A. Stevens for defendant appellants.*

RODMAN, J.  The primary relief which plaintiffs seek is an adjudication that the property conveyed by Bottling Company is chargeable with the payment of the debts owing plaintiffs because conveyed in fraud of their rights. Does this common interest give plaintiffs the right to bring this action? The answer is yes.

In *Wall v. Fairley*, 73 N.C. 464, a judgment creditor and an unsecured creditor sought to have a conveyance made at the instance of defendant Fairley to his codefendant declared void because fraudulent as to them. There as here defendants demurred for misjoinder. The Court, in rejecting that contention, said: "We are of the opinion that although the plaintiffs might have sued severally, yet, as their interests are to a certain extent common, and they seek a common relief, they were at liberty to join. The joinder does not prejudice the defendants, and the complaint is not multifarious."

In *Mebane v. Layton*, 86 N.C. 571, several creditors joined in a single suit to vacate fraudulent conveyances. There defendants demurred "For misjoinder—in that the plaintiffs have separate and distinct interests, and sue upon distinct claims, which should not be united in the same action." In rejecting defendants' contention the court said: "In Story's Eq. Plead., sec. 285, it is said that an exception to the general doctrine of misjoinder is made, when the parties have one common interest touching the matter of the bill, although they claim under distinct titles, and have independent interests; and as an

illustration, in the next section it is said that two or more creditors may join in one bill against a common debtor and his grantees to remove an impediment created by his fraudulent conveyance of his property.

"In *Brinkerhof v. Brown,* 6 John., ch. 139, *Chancellor Kent* ruled that different creditors might unite in one bill, the object of which was to set aside a fraudulent conveyance of their common debtor. It was so held also, in *McDurmut v. Strong,* 4 John., ch. 687; *Emerton v. Lyde,* 1 Paige, 637, and *Conro v. Iron Co.,* 12 Barb. 27, and by this Court in *Wall v. Fairley,* 73 N.C. 464.

"Indeed in all these cases the rights of the creditors, affected by the fraud, to join in one action, seems to have been taken for granted, and the only question mooted was as to the right of a single creditor, by suing alone, to acquire priority for himself."

The conclusion reached in the *Wall* and *Mebane* cases has been consistently followed. *Steel Corp v. Brinkley* 255 N.C. 162, 120 S.E. 2d 529; *Bank v. Moseley,* 202 N.C. 836, 162 S.E. 923; *Robinson v. Williams,* 189 N.C. 256, 126 S.E. 621.

Nor is the fact that some of the plaintiffs are judgment creditors while other plaintiffs have not reduced their claims to judgment a cause for demurrer. *Bank v. Harris,* 84 N.C. 206; *Silk Co. v. Spinning Co.,* 154 N.C. 421, 70 S.E. 820.

Neither the addition nor the omission in the caption of the phrase "in behalf of all other creditors who desire to make themselves parties" can determine the nature of the cause of action or the right of the parties to relief. *Monroe v. Lewald,* 107 N.C. 655; 30 C.J.S. 1018.

The demurrer does not raise any question respecting the rights of other creditors, if any, to participate in the distribution of any assets which may be recovered. So far as appears, plaintiffs are the only creditors of defendants. If in fact there are other creditors who may desire to participate in the action and benefit by the recovery, their rights can and should be determined when they seek to intervene. The alleged insolvency of Bottling Company would warrant the appointment of a receiver. G.S. 1-507.1.

The demurrer does not raise the question of whether J. H. Ferguson and Sarah Y. Noffsinger are necessary parties, and because the question is not raised, we do not feel called upon to decide it.

The judgment overruling the demurrer is

Affirmed.