HODGES BROS. et als. v. H. T. LASSITER et als.

*Juror—Challenge—Evidence—Fraud.*

1. Wherever the statute directs the County Commissioners not to include the names of a class of persons if drawn to serve on the jury in the panel, as in case of those having suits pending and at issue in the Superior Courts, it is a fundamental objection to the juror, whenever it is made to appear, and is a cause of challenge, although the County Commissioners may have allowed his name to go upon the *venire.*

2. *Quære,* whether a juror who has an indictment pending and at issue against him in the Superior Court, is disqualified from serving on the jury by the statute which prohibits those having a *suit* so pending and at issue from serving.

3. In order to disqualify a juror from serving under this statute, the suit must be at issue, and so where an indictment was pending against a juror, to which he had never pleaded; *It was held,* that he was not disqualified under this statute, even if it applies to indictments.

4. In an action to attack a deed in trust to secure creditors for fraud, evidence of the amount of the trust property received by the trustee is immaterial and incompetent.

5. What constitutes fraud is a question of law; what is sufficient evidence of the facts required to establish it, is for the jury; and so if the fraud appears on the face of the instrument, it will be declared by the Court without the aid of the jury; but when dependent upon matters *dehors* the deed, it must be found by the jury.

6. Where in an action to attack a deed for fraud, *prima facie* evidence is given of the *bona fides* of the debt, the burden of proof is on the party attacking the deed to show the fraud, and evidence of such debts may be gathered from the plaintiff's own evidence.

7. If the purpose of a conveyance be to hinder and delay creditors, it is fraudulent and void, although the debts secured by it are *bona fide.*

*(Feimster* v. *McRorie,* 12 Ired., 287; cited and approved).

CIVIL ACTION, in the nature of a creditor's bill, tried before *Shipp, Judge,* and a jury, at Spring Term, 1885, of HERTFORD Superior Court.

On November 27th, 1878, H. T. Lassiter & Son, consisting of H. T. Lassiter and Walter T. Lassiter, and conducting a mercantile business in the town of Murfreesboro, becoming involved, and being unable to meet their liabilities, largely due in Baltimore, made an assignment of their entire stock of goods, notes, bonds, bills and credits of every kind, to James S. Whedbee and John S. Dickinson, partners of the firm name of Whedbee & Dickinson, in said city, in trust, to secure and provide for the payment of the sum of $12,000 due themselves, then of the sum of $2,000 due to James Carey & Co., and thereafter of all other outstanding claims against the assignors. The present action is instituted by creditors of the last class, to impeach the validity of the assignment, and charges that it was the result of a conspiracy between the parties to it, to hinder, delay, and defraud the other creditors, and such was the intent and purpose of the debtors, and this was known to and participated in by the trustees, to whose claim preference is given.

These imputations are denied in the answer, which asserts that the conveyance was *bona fide* made, and to provide for debts due and owing by the assignors. From these conflicting allegations a single issue was eliminated and submitted to the jury:

"Is the assignment made by Lassiter & Son to Whedbee & Dickinson fraudulent and void as to their creditors?"

To this the answer is, "No."

From the judgment rendered upon the verdict against the plaintiffs, they appeal.

*Messrs. B. B. Winborne* and *R. B. Peebles*, for the plaintiffs.
*Messrs. D. A. Barnes* and *W. D. Pruden*, for the defendants.

SMITH, C. J., (after stating the facts). This brief summary will enable us to proceed to the consideration and disposal of the exceptions found in the record.

*1st Exception.* One of the jurors of the regular panel was challenged by the plaintiffs upon the ground that he had a suit pending and at issue in the Court.

The following are the facts upon which the objection rests, as found by the Judge:

At Spring Term, 1884, a year before the trial, the juror and four others were indicted for an assault with a deadly weapon upon one Braxton Brown, and the prosecution had been since depending without any plea. On Tuesday of the present term, the indictment was disposed of by two of them submitting to a verdict of guilty, while a *nolle prosequi* was entered as to the other three, among whom was the juror. The Court being of opinion that the juror was competent, overruled the challenge for cause, and he was thereupon removed by a peremptory challenge of the plaintiffs. This, with three other peremptory challenges made afterwards, exhausted the number to which the plaintiffs were by law entitled.

The exception to this ruling raises the inquiry as to the proper construction of §1728 of *The Code,* which is in these words:

" If any of the jurors drawn have a *suit pending* and at issue in the Superior Court, the scrolls with their names must be returned into partition No. 1 of the jury box."

Primarily, this is a direction given to the County Commissioners when they proceed to draw the jurors, by a child not exceeding ten years of age, for regular service at the next term of the Superior Court held thereafter, as pointed out in the preceding section, but it must be deemed a fundamental disqualification in the juror, whenever it is made to appear. But is the present case within the terms of the statute ? The word " *suit,*" properly designates a civil proceeding in Court between parties, and while it may admit of more comprehensive import, is used in this connection in the more restricted sense. One accused of crime and prosecuted for

it, could hardly be said to "have a suit pending," while the language may be well applied to either party to a controversy which has found its way into Court to be there settled. If, however, all actions civil or criminal are included, as the mischief intended to be provided against is the same, no issue had been reached at the time, as no defence had been entered. The cause, though pending in the Superior Court, was not at issue, and consequently if it had been a civil action, it would not have rendered the juror incompetent.

Upon a similar enactment, we have found but two reported cases where its construction has been considered, and these do not meet the point of present inquiry.

In *Riley* v. *Bussel*, 1 Herskell (Tenn.), 294, six jurors were excepted to, as having suits in the Court, but not for trial at the term, and they were held to be incompetent. There were two enactments in the Code of that State, one forbidding the appointment of a juror who had a suit pending at the term, and the other disqualifying a juror and making it a cause of challenge, that the juror had a cause "*pending for trial*," and these were construed together in ascertaining the effect of the legislation.

In *Plummer* v. *The People*, 74 Ill., 361, the statute declared incompetent a juror who "is a party to a suit pending for trial" in that Court at that time. It was contended by the attorney for the people, that the disqualification did not attach, unless the trial took place at the time. It was ruled otherwise by the Court, and that it was only necessary that the juror should have a suit for trial, and it was immaterial whether it was in fact tried during the term. These jurors had civil actions in the Courts.

2*d.* The next exception arises out of the refusal of the Court to allow an inquiry to be put to a witness as to what the trustees had realized from the collection of credits. The objection to the proposed inquiry was, that it was not then appropriate, as the plaintiff's right to an account was not

denied, and that the condition of the trust fund would properly come up under a reference for an account, and this objection was sustained.

We are unable to see the pertinency of the information to an issue of fraud in the making of the assignment, which alone was before the jury, and we find no error in ruling out the evidence.

It was conceded that H. T. Lassiter & Son, the latter of whom has since died, were insolvent at the time the assignment was made

A series of letters passing between the parties to the deed of assignment, dated between November 14th, 1878, and December 10th of the same year, as well as other communications passing between the said trustees and their agent, sent out to take charge of the property after the conveyance, the last dated December 3d, were read in evidence by the plaintiffs, to sustain the charge of fraud, and they asked that the following instructions be given to the jury:

"1. That if the jury believe the evidence, they should find that the assignment of November 27th, 1878, from Lassiter & Son to Whedbee & Dickinson was intended to hinder and delay and defraud the creditors of H. T. Lassiter & Son."

The Court read the prayer in the presence of the jury, and said he could not give the instruction and refused it, and plaintiffs excepted.

"2. That in order to sustain said assignment, the defendants must satisfy you that the debt recited in the assignment, or a substantial part thereof, was actually due from Lassiter & Son to Whedbee & Dickinson, and there is no evidence to show that fact, and hence the jury should find that said assignment was without consideration and void as to the plaintiffs."

The Court refused this instruction, and told the jury that the law presumes the assignment of November 27th, 1878, to be honest, and imposes on the plaintiffs the burden of

proving the fraud they allege, by a preponderance of evidence, and unless the alleged fraud be so proven, the jury must find the issue in the negative; that as the defendants Whedbee & Dickinson went into possession of the property under the deed of assignment to them, and were in possession thereof at the time of the bringing of this action, the law presumes their possession to be rightful, and it is therefore necessary for the plaintiffs who allege fraud, to show it by a preponderance of evidence, and this extends to proving the alleged want of consideration. The plaintiffs excepted.

"3. That if the jury believe the evidence, as appears from the letters introduced and read, they should find that the assignment in question is fraudulent and void."

The instruction was refused and plaintiffs excepted.

I. As the question of the presence of an infecting element of fraudulent intent in making the assignment is one of fact, it was properly left to the jury to find upon the evidence, and to deduce from it. What constitutes fraud is matter of law; what is sufficient evidence of the facts required to establish it, is for the jury to find. When the fraud appears upon the face of the assignment, it is so declared by the Court; when dependent upon external proofs, it is to be found by the jury. The letters do not *per se* show this noxious element in the transaction, so as to avoid the conveyance, but they merely furnish evidence tending to show with what intent it was made, of the force and effect of which the jury must judge in arriving at a proper conclusion as to that intent.

II. The correctness of the response to the second prayer might well be questioned, if it rested upon the assumed fact that no proof whatever had been offered of the secured indebtedness, or of any considerable part of it.

In *Feimster* v. *McRorie*, 12 Ired., 287. to which we are referred in the brief of plaintiff's counsel, where the debtor conveyed so much of his entire estate as not to leave enough for his unsecured creditors, RUFFIN, C. J., declared that it

was "equally necessary that the trustee, in support of this deed should show the debts it proposes to secure, since the debts as a consideration, stand in this deed in the place of the pecuniary consideration in the other," referring to an absolute conveyance, in which the mere recital of the money paid as a consideration in the deed "would not be evidence as against purchasers or creditors, that any part of the purchase money was paid, but the bargainee would be obliged to prove the fact *aliunde.*"

But assuming proof, not controverted, to have been given of the indebtedness, the burden then rests upon the plaintiffs, who allege, to prove the fraud.

The existence of the debts was shown in the letters introduced by the plaintiffs, and as part of their impeaching evidence. As no issue was made upon the point of the consideration, and evidence of it was furnished by the plaintiffs, the charge as to the party upon whom rests the burden, if erroneous, was harmless, and but the statement of a legal proposition inapplicable to the case. Moreover, the frame of the issue was manifestly intended to let in impeaching proofs to sustain the averments in the complaint, that, aside from the existence of the debts, the assignment was the fruit of a concerted fraudulent arrangement between the parties to it, and was thereby rendered void as to creditors.

III. The third instruction is essentially the same as the first, and must be similarly disposed of.

IV. The addition of the word "fraudulently" as qualifying the words following, "hinder and delay," do not change substantially the import of the instruction. If the essential purpose was to hinder and delay other creditors, and not to secure *bona fide* debts due, the hindering and delaying being but an incidental, though necessary result of such preferential trust, it would be a fraudulent hindering and delaying, and the presence of the word, if unnecessary, would not change

the legal import of the charge, while its absence might mislead the jury in passing upon the question before them.

In our opinion the case was fairly placed before the jury, and their verdict must stand.

There is no error, and the judgment must be affirmed. No error.                                          Affirmed.