J. C. STONEBURNER et al v. C. W. JEFFREYS et al.

*Assignment for Benefit of Creditors— Validity—Fraudulent in Law—Power to Replenish Stock.*

1. A deed of assignment for benefit of creditors which directed the trustee, with all reasonable diligence, to sell and dispose of the property conveyed, including stock of goods, in such manner as he should deem most beneficial to the interest of all concerned, is not void on its face, because it does not in express terms restrict the trustee as to the time or manner of disposing of the property.

2. The insertion in a deed of assignment of a power to replenish a stock of goods with money arising from the sales of assigned property is not proof conclusive of a fraudulent intent or purpose to hinder and delay creditors when it is manifest from the whole deed that the maker's purpose and design was that the trustee should manage the property for the benefit of all and not for the ease, benefit or comfort of the debtor.

3. A deed of assignment will be declared void in law only where the debtor appears in express terms to be providing for his own ease, comfort or benefit to the possible detriment or delay of his creditors.

4. Even where *prima facie* the deed appears to reserve an unconscionable benefit or to subject the creditors to unjust hinderance or delay, yet if it also appear that the language of the deed is susceptible of explanation by evidence *aliunde*, that will make it consistent with good faith, the issue of fraud must be submitted to the jury to determine whether such extrinsic evidence is sufficient to rebut the presumption of *mala fides* raised by the deed.

5. The omission by a copyist in the copy of a deed of assignment of a single creditor's name and claim, when it was included in the original draft and in the deed as recorded in another county, is not sufficient to shift the burden of proof on the issue of fraud, it being, at most, only competent as a circumstance to be considered with other evidence tending to show bad faith.

This was an action brought to set aside the deed in trust, and tried before *Armfield, J.*, and a jury, at Fall Term, 1894, of the Superior Court of EDGECOMBE County.

The plaintiffs offered in evidence the deed of trust; a note admitted to be owing to one of the plaintiffs, Carhart & Bros., by the said Jeffreys, for the sum of $302.00, and not paid and not named in the trust or assignment. The plaintiffs then rested their case, insisting that the trust or assignment was fraudulent in law.

It was admitted that the preferred debts in the assignment were *bona fide*. The defendants then offered testimony tending to show and prove the circumstances under which the deed of trust was made, the purpose for which it was made, and that there was no actual fraud intended or committed. The plaintiffs objected to the introduction of this testimony; objection overruled, and plaintiffs excepted. The defendants then offered evidence tending to prove that the omission of the debt of Carhart & Bros. from the assign-

ment was an accident, as it was embraced in the original draft of the assignment; the circumstances under which the assignment was made. The defendant showed in evidence the original draft of the deed of assignment, containing a provision directing the payment out of the assets of any other debts that might be owing by the assignor not named therein, upon proof of their validity.

The assignment was executed in duplicate, one being recorded in Martin county, containing said provision; the other without the knowledge of the assignor, and by mistake of the copyist, omitting said provision. The duplicate registered in Martin was executed and registered first. The assignment included property in Edgecombe and Martin Counties; the high business character and capacity of the trustee. No goods were purchased by the assignee, nor was the assignor employed as a clerk.

The plaintiff requested the Court to instruct the jury as follows :

1. That the deed of assignment upon its face hinders and delays creditors and is therefore fraudulent and void and you are instructed to answer the issue, "Yes."

2. That the authority in said deed to employ servants and clerks to replenish by purchases the said stores of merchandise, to pay for the same out of the sales and collections, is a delay and hinderance of creditors and renders the deed of assignment fraudulent and void, and you should answer the issue, "Yes."

3. That the power and authority given the trustee is, in substance, power and authority to continue the business and renders the deed of assignment fraudulent and void.

4. The Court instructs you, if you believe the evidence, that in law the deed is fraudulent and void, and that you will answer the issue, "Yes."

5. The plaintiffs are not required, at all hazards, to prove

that there was actual fraud, or that the defendant intended fraud at the time he made the deed. If the effect of the deed is to hinder, delay or embarrass the creditors or any one of them in the pursuit of their legal remedies against the defendant debtor to collect their debts, though there be no intent to commit fraud, and there was none committed, yet in law the deed would be fraudulent and void as against the creditors. The question whether in law the effect of the deed is to hinder, delay or embarrass the creditors as I have just stated to you, is one of law and is to be determined by the Court. The Court instructs you that, if you believe the evidence, the effect of the deed is to defeat, hinder and embarrass the creditors in the pursuit of their legal remedies against the defendant debtor to collect their debts, and you will find the issue in favor of the plaintiffs.

His Honor charged the jury :

"That the plaintiffs have offered in evidence the assignment executed by the defendant Jeffreys and recorded in Edgecombe county, and a note for $302.00 due by Jeffreys and not named in said trust.

"The defendants' have put in evidence the duplicate of the assignment recorded in Martin and the original unsigned draft of assignment, and the testimony of the defendant Jeffreys, and the evidence of the witnesses as to the character and business capacity, etc., of defendant Staton, Trustee, tending to show that same was good and he was competent.

"There are two kinds of fraud—fraud in law and fraud in fact.

"There is nothing upon the face of this assignment that renders it fraudulent in law ; if there was, the Court would so declare without submitting it to the jury. Not being fraudulent in law on its face, the Court submits the issue to the jury whether it is so as a matter of fact. ·

116—6

In the consideration of that question, the Court charges you that the fact that the assignment provides for sales on time is evidence of fraud; that the power to replenish the stock is also evidence of fraud; and in connection with this may consider any other provision of the assignment tending to raise a suspicion of fraudulent intent in its execution.

"You will also consider the evidence of the defendant Jeffreys as to the circumstances under which he executed the assignment and the intent with which it was executed by him, and the evidence as to the character of the trustee, which you will consider as evidence tending to show the *bona fides* of the assignment.

"And if upon the whole of the evidence, you find that the assignment was executed with the intent to hinder, delay or defraud his creditors, or any one of them, you will answer the issue, 'Yes'; but if you find it was not executed with such intent, then you will answer it 'No.'"

The issue was found by the jury in favor of the defendants, and it was ordered and adjudged that the plaintiffs recover judgment against the defendant Jeffreys for their several debts, and that said deed of assignment is not fraudulent and void, and that the defendant Staton, the assignee, is adjudged to recover his costs of the plaintiffs, and go without day. From which judgment the plaintiffs appealed.

*Messrs. John L. Bridgers* and *Jas. F. Moore,* for plaintiffs (appellants).

*Messrs. H. G. Connor* and *H. L. Staton,* for defendants.

Avery, J.: The contention of the plaintiffs' counsel upon which he mainly rested his argument was that the court below erred in refusing to charge the jury that the deed of assignment was fraudulent in law. It is like threshing over old straw to draw at length the distinctions between an assignment that is void upon its face, one, the language of which raises a presumption of fraud and one of

the third class, when, there being nothing in the instrument itself to so suggest fraud as to demand explanation, the presumption of law in favor of good faith sustains the instrument till proof is offered to rebut it. *Bobbitt* v. *Rodwell*, 105 N. C., 236; *Woodruff* v. *Bowles*, 104 N. C., 197; *Brown* v. *Mitchell*, 102 N. C., 368. It was insisted the deed should be declared void upon its face, first because the trustee was not in express terms restricted as to the time or manner of disposing of the property committed to his care, but was left to "sell and dispose of the same in such mai ner as he may deem most beneficial to the interests of all concerned." Where the deed is silent as to the manner or terms of sale, the law presumes until the contrary appears that the fiduciary will act in good faith, will be guided by the paramount desire to promote a·.d protect the interests of the creditors, and with that end in view will exercise his best judgment in determining whether it is advisable to sell publicly or privately or to extend or withhold credit. *Bobbitt* v. *Rodwell, supra.*

The language of the instrument which gives rise to the contention of the plaintiff can be most safely construed by considering the connection in which it is used, and by giving weight to every word or clause that may qualify or explain it. The words upon which the plaintiff relies to sustain his view of the meaning and proper construction of the assignment will be found embodied in the following paragraph of it : "In special trust nevertheless, and to and for the uses, interest and purposes following, viz: that the said party of the second part shall at once take possession of the property hereby assigned, and with all reasonable diligence sell and dispose of the same in such manner as he may deem most beneficial to the interest of all concerned and convert the same into money, and shall also with all convenient speed collect, get in and recover all the said

debts, dues, bills, bonds, judgments, mortgages, claims and demands hereby assigned, and with the proceeds of said sales and collections, that the said party of the second part shall first pay all just and reasonable expenses, costs and charges attending the drawing and due execution of this instrument, all legal and clerical services which the execution of the same may require, and the carrying into effect the trust hereby created ; and to this end the party of the second part shall have authority to employ such clerks and servants as may be required to replenish by purchase the said stocks of merchandise, to pay for the same out of the said sales and collections, if the party of the second part shall deem such to be for the best interest of the creditors herein, etc. ''

The next question presented in the well considered and exhaustive argument of counsel, was, whether the insertion in a deed of assignment of the power to replenish a stock of goods with the money arising from the sales of the property conveyed, is proof conclusive of a fraudulent intent, or, what is equivalent, of a plain purpose to hinder or delay the creditors in the collection of their claims. Authority is given to the trustee to employ clerks and servants, and to replenish by purchase, etc., (if he "shall deem such to be for the best interest of the creditors herein") the stock of goods, and this grant of power is preceded by the qualification that it is to be exercised with a certain end in view ("and to this end"). Looking to the language that precedes these words, for an interpretation of their meaning, it is manifest that the maker of the deed has given expression not to a purpose or desire that the trustee should manage the property for the benefit, ease or comfort of the debtor, but to the wish and direction that the trust should be executed for the benefit of all, for whom the trustee should act as fiduciary, by selling the property in the way best calcu-

lated to promote their interests, and collecting and disbursing the proceeds of sale as speedily as possible. Such deeds have been pronounced void in law only where the debtor appeared in express terms to be providing for his own ease, comfort or benefit to the possible detriment or delay of creditors. And even where *prima facie* the deed must be construed as reserving to the debtor some unconscionable benefit or as subjecting the creditor to some unjust hinderance or delay, if it appear upon the face of the instrument that the language of the deed is susceptible of such explanation, by evidence *aliunde,* as will make it consistent with good faith, it is held that the issue of fraud must be submitted to the jury to determine whether such extrinsic testimony, as may be offered, is sufficient to rebut the presumption of *mala fides* raised by the deed. *Hardy* v. *Skinner*, 9 Ired., 191 ; *Cannon* v. *Peebles*, 2 Ired., 449 ; *Young* v. *Booe*, 11 Ired., 347. The instruction asked by the plaintiff did not suggest the question whether the deed was *prima facie* fraudulent, but we are of opinion that upon its face there is nothing to destroy the usual intendment in favor of honesty in its execution. We can conceive of many cases in which it might ·be advisable, and some in which it would be essential in order to achieve the best results in the disposition of the trust property to make new purchases. The maintenance of something like a full stock of merchandise must tend sometimes to hold the trade of customers, while it may often become essential to the fulfillment of contracts to supply farmers, who have given agricultural liens to the assignor, that the trustee should keep a supply of such articles as the trustor had agreed to furnish. Burwell on Assignment, Sec. 182, p. 242 ; *De Woffe* v. *Mining Co.*, 49 Conn., 282, 326. The grant of powers to a trustee, which, if exercised honestly and with good judgment, must often prove a boon both to

creditor and debtor, is neither fraudulent *per se* nor does it raise a presumption which shifts the *onus* of sustaining the deed on the maker.    Where there is evidence of the incompetency or dishonesty of the trustee or of injury caused by his negligence, the remedy, as suggested in *Bobbit* v. *Rodwell*, *supra*, is an application to the Court for his removal. Not only is there no sufficient internal evidence of bad faith to raise even a presumption against the validity of the instrument, but it is somewhat exceptional in that the assignor appears to have turned over all of his property reserving neither homestead nor personal property exemptions, which he might lawfully have done.    *Egerton* v. *Smith*, 98 N. C., 207 ; *Adams* v. *Smith*, *supra* ; *Bobbitt* v. *Rodwell*, *supra*.

The omission by the copyist of the claim of a single creditor in the copy of the deed registered in Edgecombe County falls far short of sufficiency to shift the burden of proof on the issue of fraud.    At most it was only competent as a circumstance to be considered with other evidence tending to show bad faith.    The burden of proof is sometimes shifted in the progress of the trial, but it is only by the introduction of testimony which the law has declared to be *prima facie* proof of fraud but which may be rebutted by evidence deemed by the jury sufficient to explain such suspicious circumstances and thereby overcome the artificial weight that the law has attached to them as evidence.    *McLeod* v. *Bullard*, 84 N. C., 515 ; *Lee* v. *Pearce*, 68 N. C., 77.

The issue of fraud was properly submitted to the jury. To have pursued any other course would have been an invasion of the province of the jury.    *Beasley* v. *Bray*, 98 N. C., 266.

There was no error and the judgment is affirmed.

Affirmed.