SOUTHERN COMMISSION·COMPANY v. PORTER.

(Decided May 11, 1898).

*Partnership — Assignment — Fraudulent Conveyance— Exemptions.*

1. An assignment by a surviving partner of an insolvent firm for an indefinite term, the assignee to have the right to employ servants and to replenish the stock and out of the proceeds to pay firm debts and also the individual debts of the survivor *pro rata*, is fraudulent as against creditors.

2. A surviving partner, who assigns partnership property of an insolvent firm to pay his own debts *pro rata* with those of the firm, cannot be allowed to testify that he did not thereby intend to defraud the firm creditors.

3. Where a transaction bears such evidences of fraud that it might be properly inferred, it is error to refuse to submit the question to the jury.

4. A surviving partner of an insolvent firm is not entitled to have his personal property exemptions paid out of the partnership assets.

5. Where an assignment was made by a surviving partner of an insolvent firm, and the assignee was empowered to continue the business for an ·indefinite term, a receiver might be appointed to administer the partnership fund though the deed was not set aside.

CIVIL ACTION tried before *Timberlake, J.*, and a jury at Special (July) Term, 1897, of the Superior Court of BUNCOMBE county. The purpose of the action

was to have a deed of assignment made by H. C. Davidson, as surviving partner of Davidson & Sherrill, to William Y. Porter, set aside and declared null and void for the reasons hereinafter stated.

It was admitted on the trial:

1. That before the beginning of this action and prior to the execution of the deed of assignment herein referred to, the defendant, H. C. Davidson, and C. L. Sherrill, the intestate of defendant, M. C. Sherrill, had been partners in business, doing a general merchandise business at Swannanoa, in Buncombe county.

2. That prior to the execution of said deed of assignment, the said C. L. Sherrill had died intestate, and the defendant, M. C. Sherrill, had been duly appointed his administratrix, but the time when she was so appointed was not admitted, whether before or after the execution of the said deed of assignment.

3. That on the 16th day of October, 1896, the defendant, H. C. Davidson, as a surviving partner of the said firm of Davidson & Sherrill, executed to the defendant, W. Y. Porter, a deed of assignment, and the said deed of assignment was on the said 16th day of October, 1896, duly recorded in the office of the Register of Deeds of Buncombe county, N. C.

4. That the said H. C. Davidson had not secured the consent of his partner, C. L. Sherrill, deceased, to take his personal property exemptions out of the property of the said firm of Davidson & Sherrill.

5. That the whole of the personal property of the said firm of Davidson & Sherrill was conveyed by the said deed to said Porter, subject to the personal property exemptions of said H. C. Davidson, and that the defendant, Porter, intended to pay to the said H. C. Davidson the sum of five hundred dollars as and for said personal

property exemptions, if there should be that much, out of the said personal property, or the proceeds.

The plaintiffs introduced as a witness the said H. C. Davidson, who, being duly sworn, testified, among other things, that he was a surviving partner of the firm of Davidson & Sherrill, which firm was composed of himself and C. L. Sherrill; that his partner, Sherrill, died intestate some time in September or October, 1896, leaving a widow, the defendant, M. C. Sherrill, and some minor children; that said M. C. Sherrill was duly appointed administratrix of her deceased husband; that the firm of Davidson & Sherrill, being greatly indebted to various persons and firms, and being unable to meet the said indebtedness, the liabilities of said firm being greatly in excess of their assets, that he, as such surviving partner, thought it for the best interests of all the creditors of the said firm that he should make a deed of assignment for the benefit of said creditors, without any preference whatsoever, securing the said creditors *pro rata;* and that he accordingly on the 16th day of October, 1896, executed to William Y. Porter the deed of assignment herein referred to, conveying all his own property and all of the property of the said firm.    That before making the deed of assignment, he consulted with the said M. C. Sherrill, the widow and administratrix of C. L. Sherrill, and that she agreed with him that it was for the best interests of the creditors that he should execute such deed of assignment, and that she consented and agreed to the execution of said deed of assignment, and to his reserving his personal property exemption;that M. C. Sherrill had been duly appointed administratrix of C. L. Sherrill, and that as such administratrix she agreed to and consented to the execution of said assignment, and also to his reserving his personal

property exemptions out of said firm property, but the witness did not testify as to the date of the appointment of said M. C. Sherrill as administratrix, nor as to whether she, as such administratrix, consented to the deed of assignment at the time of its execution, or whether she afterwards assented to and ratified the same. The witness further testified that he did not make said deed of assignment with any purpose or intent to hinder, delay or defraud any of his creditors or any of the creditors of the firm of Davidson & Sherrill, but that he made the said deed of assignment because he thought it was for the best interests of all the creditors that such deed should be made. The defendants introduced no evidence. It was admitted that the plaintiffs were existing creditors of the said firm of Davidson & Sherrill at the date of the execution of the said deed of assignment. The plaintiffs sought to have the said deed declared invalid, and asked the court to declare the same void for the following reasons :

1. That on its face it directs the assignee to pay before any other debts "the expenses of the execution of the deed;" that the expenses of executing the deed were debts contracted by the assignor, and, therefore, the provision directing their payment before other debts is a preference, and is, therefore, void under the Act of 1895 as against these plaintiffs, who are admitted as aforesaid to have been existing creditors at the time of the execution of the said deed of assignment. The court refused to declare the deed void upon this ground, and the plaintiffs excepted and assigned such ruling as error.

2. That on its face it authorizes the continuance of the assignor's business indefinitely, and the necessary consequence is that the creditors would be and have been

delayed and hindered. The court refused to declare the deed void on this ground, and the plaintiffs excepted and assigned such ruling as error.

3. The plaintiffs also asked the court to declare said deed void upon the ground that it being admitted that the surviving partner had not obtained the consent of his co-partner to reserve his personal property exemptions out of the partnership property, such reservation was an unauthorized and unlawful reservation out of the assigned property to the grantor for his benefit and renders the deed void. The court refused to so hold, and the plaintiffs excepted, and assigned this ruling as error.

The court submitted the following issues :

"Did the defendant, H. C. Davidson, obtain the consent of the administratrix of his deceased partner, Sherrill, to take his personal property exemptions out of the partnership property?" This was answered by the jury in the affirmative, but the finding of the jury on this issue was afterwards stricken out by the court.

2. "Was the deed of assignment mentioned in the complaint made with the intent to delay or hinder or defraud creditors?" The court held that there was no evidence upon which the jury could find the second issue in favor of the plaintiffs, and directed the verdict upon that issue of "No," and the jury accordingly answered the second issue "No," to which ruling and direction the plaintiffs excepted and assigned the same as error. It was admitted that the plaintiffs were judgment creditors of the said firm at the commencement of this action and had issued execution, which had been returned unsatisfied.

The plaintiffs moved for a new trial upon their exceptions, which motion was overruled and the plaintiffs ex-

cepted. There was judgment for the defendants, to which the plaintiffs excepted and appealed.

*Messrs. George A. Shuford* and *Thomas & Wells* for plaintiffs (appellants).
*Messrs. Davidson & Jones* for defendants.

FURCHES, J.: The defendant, Davidson, and one Sherrill were partners doing business as merchants at Swannanoa, in Buncombe county. The partnership became utterly insolvent, Sherrill died and the defendant, Davidson, made an assignment of all the partnership effects to the defendant Porter. This assignment was made on the 16th October, 1896, in which it is provided that Porter shall, at once, take possession of the goods and partnership effects; that he have the right to employ clerks and servants, and to buy and replenish the stock of goods, and out of the proceeds to pay the debts of the firm, and also the *individual debts of the defendant Davidson, pro rata* with the firm debts, and no time is fixed when this trust is to be closed.

If this does not amount to fraud in law, upon which it was the duty of the court to so declare and to so instruct the jury, it is so near the line that it is difficult to mark the division. But we see that this assignment is almost a copy of the assignment considered by this Court in *Stoneburner* v. *Jeffreys*, 116 N. C., 78, except the provision that the *individual* debts of the survivor are to be paid *pro rata* out of the partnership funds, with the partnership debts. This provision does not seem to have been in *Stoneburner* v. *Jeffreys*. But for this case, we might have been disposed to hold that there were such evidences of fraud—the right to hire clerks and servants, to buy goods and pay for them out of partnership effects, for an indefinite period of time—that

it was a case where the court should hold and declare it fraudulent and void.

There was other evidence of fraud besides those already noticed and contained in *Stoneburner* v. *Jeffries, supra.* The assignment requires the assignee, Porter, to pay out of the assets of the firm, the individual debts of Davidson, as well as those of the firm. This was a fraud on the creditors of the firm. *Strauss* v. *Frederick,* 91 N. C., 121. And it has been held that the putting one fradulent claim in the deed of assignment spoiled the whole, and the assignment would be declared void. *Stone* v. *Marshall,* 52 N. C., 300. This rigid rule has since been relaxed, where it is done without the knowledge and consent of the assignee. *Morris* v. *Pearson,* 79 N. C., 253. But it has been held, since the case of *Morris* v. *Pearson,* that in case of a general assignment (which this seems to be), a *fraudulent intent* on the part of the assignor, whether known to the assignee or not, is such a fraud as will vitiate the deed of assignment. *Woodruff* v. *Bowles,* 104 N. C., 197. But, of course, the assignee, Porter, knew that the individual debts of Davidson were in this deed of assignment. Davidson testified that he did not intend to commit a fraud upon the creditors of the firm; but he was incompetent to prove this fact. *Booth* v. *Carstarphen,* 107 N. C., 395; *Cowan* v. *Phillips,* 119 N. C., 26.

If the case was such that the court could not, as a matter of law, declare the fraud, there were so many badges of fraud that this issue should have been left to the jury with proper instructions, as fraud might very well have been found by them when it could not be declared by the court. *Hinshaw* v. *Railroad,* 118 N. C., 1047; *Ice Company* v. *Railroad,* at this term.

The court was asked to submit this issue to the jury,

but declined to do so, and instructed the jury to find that there was no fraud. In this there was error.

It was also held by the court that the defendant, Davidson, was entitled to have his personal property exemption paid him by the assignee out of the partnership assets. In this there was error. *Boyd* v. *Redd*, 118 N. C., 680.

There are no liens attached to this property that we can see, and it seems to us to be a proper case for the court to appoint a receiver to take charge of this partnership fund, and to administer the same among the creditors, whether the deed is set aside or not.

It cannot be allowed to run on indefinitely. After the *individual* creditors of Davidson are eliminated and his claim for the $500 exemption declared illegal, the distribution under the trust would be substantially the same as if the assignment was set aside and the fund administered under the equitable jurisdiction of the court.

Error.